**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB FANNING, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-CV-1225 |
| | ) | |
| v. | ) | |
| | ) | |
| WHITEHALL PLACE HOLDINGS | ) | |
| LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### OMNIBUS MEMORANDUM ORDER

This *pro se* case was referred to Magistrate Judge Kezia O.L. Taylor for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and the Local Rules of Court applicable to Magistrate Judges.

Before the Court are Mr. Fanning's motion to review Judge Taylor's involvement (ECF 51), Mr. Fanning's objections to a non-dispositive order from Judge Taylor (ECF 52), and Mr. Fanning's objections (ECF 44) to Judge Taylor's Report and Recommendation (ECF 43), which recommends dismissing Mr. Fanning's complaint (ECF 4) *with* prejudice. The Court will review all objections *de novo*, and after doing so, will deny Mr. Fanning's motion, overrule all objections, and adopt Judge Taylor's orders in full.

### Mr. FANNING'S MOTION AND NON-DISPOSITIVE-ORDER OBJECTIONS

Mr. Fanning's motion (ECF 51) is denied. Mr. Fanning asks the Court to clarify the basis for the Court's referral and reassignment process involving magistrate judges. ECF 51 at 3. The Court denies Mr. Fanning's motion for three primary reasons. First, a motion for clarification is only proper "in some circumstances . . . to resolve an ambiguity in a prior order." *In re Stosic*, 770 F. App'x 27, 30 (3d Cir. 2019). Mr. Fanning's request for clarification goes beyond the bounds

of clarifying a prior order. Second, and relatedly, Article III courts may not issue advisory opinions to inform Mr. Fanning on how a referral process works. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Third, there hasn't been "more than one magistrate judge . . . involved in this matter" as Mr. Fanning suggests for which to clarify. ECF 51 at 3. To the extent that the rest of Mr. Fanning's motion objects to Judge Taylor's R&R, the Court reviews the R&R here.

Mr. Fanning's objections at ECF 52 are overruled. Judge Taylor denied Mr. Fanning's motion (ECF 46) for the Court to "review defense counsel's continued participation." ECF 50. Mr. Fanning objects to Judge Taylor's order. ECF 52. After careful consideration, the Court finds that Judge Taylor was correct to deny Mr. Fanning's motion. The fact that defense counsel has represented Defendants in state-court litigation and Mr. Fanning's conclusory allegations that defense counsel has "affected" his due-process rights without more are not enough to warrant disqualification, or in the alternative, the Court's investigation into defense counsel. *See Cohen v. Oasin*, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994) (noting that Court intervention is "not favored" and that disqualification requires more than "[v]ague and unsupported allegations").

## R&R OBJECTIONS

Mr. Fanning's claims stem from a landlord-tenant dispute. ECF 4 at 5. Mr. Fanning alleges that Defendants improperly discriminated against him after he informed Defendants that he has "High Functioning Autism." *Id.* at 5. Specifically, Mr. Fanning alleges that out of discrimination toward his intellectual disability, Defendants added on extra fees to his rent, accused Mr. Fanning of making late payments, and threatened eviction even though Mr. Fanning never missed a payment. *Id.* at 5–6. Defendants are the privately owned property management company for Mr. Fanning's apartment, the community manager from that company, and the assistant community manager. *Id.* at 2–3.

-2-

Mr. Fanning brought two claims. The first under Section 1983 for violations of the Equal Protections Clause of the 14th Amendment and the second under the ADA. *Id.* at 3. Judge Taylor recommended dismissing both claims. ECF 43 at 1. For Mr. Fanning's Section 1983 claim, Judge Taylor recommended dismissal because Defendants aren't state actors. *Id.* at 6. For Mr. Fanning's ADA claim, Judge Taylor recommended dismissal because Defendants aren't governed by the ADA. *Id.* at 7–8. After careful review, the Court agrees with Judge Taylor.

Mr. Fanning's Section 1983 claim must be dismissed because "[l]andlords are not state actors," and neither are the employees for a privately owned property management company. *See Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010). Mr. Fanning's ADA claim must be dismissed because apartments, much less the property management company and its employees, are not subject to ADA compliance for private tenant disputes. *See Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 165 n.8 (3d Cir. 2006).

Judge Taylor recommended dismissing Mr. Fanning's claims *with* prejudice. ECF 43 at 1. The Court agrees. Amendment would be futile because Defendants are neither state actors nor subject to the ADA, and Court cannot discern any path forward for these claims to proceed.

*****

**AND NOW**, this 23rd day of July, 2026, it is hereby **ORDERED** that Mr. Fanning's objections (ECF 44 & ECF 52) are overruled, Mr. Fanning's motion (ECF 51) is denied, and Judge Taylor's R&R (ECF 43) is adopted in full.  Mr. Fanning's complaint (ECF 4) is dismissed with prejudice.  The Clerk of Court shall **CLOSE** this case.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Jacob Fanning
700 Second Avenue
Pittsburgh, PA 15219